617 F.2d 154
 104 L.R.R.M. (BNA) 3155, 89 Lab.Cas. P 12,212
 Ray MARSHALL, Secretary of Labor for the U. S. Department of
Labor, Plaintiff-Appellee,
and
Peter Karagozian, Applicant/Plaintiff, Intervenor/Appellant,
v.
LOCAL 299, INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA,
Defendant-Appellee.
 No. 79-1273.
 United States Court of Appeals,
Sixth Circuit.
 March 4, 1980.
 
 Alvin L. Levine, Levine & Benjamin, Pontiac, Mich., Beate Bloch, Associate Sol., Norris R. Saunders (for Sec'y of Labor), Dept. of Labor, Washington, D. C., for plaintiff-appellee.
 James P. Hoffa, Hoffa, Chodak & Robiner, Detroit, Mich., David Leo Uelmen, Gerry M. Miller, Goldberg, Previant & Uelmen, Milwaukee, Wis., for defendant-appellee.
 Before EDWARDS, Chief Judge, and KEITH and BROWN, Circuit Judges.
 ORDER
 BAILEY BROWN, Circuit Judge.
 
 
 1
 In the fall of 1977, Local 299 of the Teamsters Union, appellee, held an election of officers, and a number of protests by members were filed, claiming impropriety in the conducting of the election, but the protests were ultimately overruled by the union's internal decision makers. Having so exhausted their remedy several of these protesting members then timely filed a complaint with the Secretary of Labor under the Labor-Management Reporting and Disclosure Act (29 U.S.C. §§ 401 et seq.). After investigation, the Secretary found probable cause to believe that violations of the Act had occurred and filed a civil action, as authorized by the Act, in the district court to set aside the election and to obtain an order for a new election supervised by him.
 
 
 2
 Thereafter, Camarata, one of those who had protested to the Secretary and who was an unsuccessful candidate for vice president, and later appellant, Karagozian, who had also so protested and who was an unsuccessful candidate for president, moved to intervene pursuant to Rule 24(a)(2), Fed.R.Civ.P. The Secretary did not oppose the intervention by Camarata as first applicant, it being his view that one intervention by a complaining party was appropriate and indeed was required by Trbovich v. United Mine Workers, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). The district judge held, however, that neither applicant met the test for intervention as set out in Trbovich. Only Karagozian brought this appeal.
 
 
 3
 Thereafter, the Secretary and Local 299 settled the action by stipulation for a new election subject to approval by the district court. The district judge then held a hearing, at which appellant's counsel appeared and opposed the entry of the agreed order, and the judge overruled objections and entered an order which, in summary, provides that a new election will be completed on or before May 31, 1980 and those elected will be installed by July 1, 1980, and it further provides that the election will be held in accordance with Title IV of the Act and, insofar as lawful and practicable, in accordance with the constitution and by-laws of the local and international.
 
 
 4
 Local 299 then filed a motion to dismiss the appeal as being moot, which appellant opposes, and which has been referred to the hearing panel.
 
 
 5
 At oral argument, counsel for the Secretary appeared and, though the Secretary did not file a brief, answered questions posed by the court. Counsel stated that it is still the view of the Secretary that Camarata, as the first applicant for intervention, should have been allowed to intervene under the holding of the Supreme Court in Trbovich, supra.
 
 
 6
 It is the view of this court that the Secretary correctly construed Trbovich and that the district court should have allowed intervention by Camarata.
 
 
 7
 Camarata sought only to present evidence and argument in support of the Secretary's complaint which, as is held in Trbovich, 404 U.S. at 537, 92 S.Ct. at 635, is a proper basis for intervention by a complaining party such as Camarata. Moreover, Trbovich indicates (404 U.S. 538-539 and particularly note 10 at 538, 92 S.Ct. at 636, note 10) that a party such as Camarata satisfies the requirement for intervention as set out in Rule 24(a)(2) Fed.R.Civ.P., if he makes a "minimal" showing of doubt as to proper representation of him by the Secretary. We believe that those seeking to intervene made such a minimal showing.
 
 
 8
 The question remains whether this appeal has been mooted by the entry of the consent order providing for a new election. We believe that the appeal has not been mooted. As is pointed out in Trbovich, 404 U.S. at 537, note 8, 92 S.Ct. at 636, note 8, while an intervenor should not be allowed to add new grounds for setting aside an election, ". . . there is no reason to prevent the intervenors from assisting the court in fashioning a suitable remedial order." (citation omitted) We recognize that the district judge allowed counsel for Karagozian to make a statement in opposition to entry of the aforesaid consent order providing for the new election. However, by then the district judge had already erroneously denied intervention by any of the complaining parties. We believe that the right to intervene should be properly vindicated by allowing the intervention and then allowing the intervenor at least a formal opportunity to assist the court in fashioning a suitable remedy, that is, in fashioning the order providing for a new election.
 
 
 9
 Although only Karagozian appealed, we believe that, upon vacating the judgment below, rather than requiring intervention by Karagozian, it would be appropriate to leave open to the district court whether to allow intervention by Camarata or Karagozian. We agree with the Secretary that, since Camarata was a complaining party and since he first applied for intervention, presumptively he should have been the complaining party allowed to intervene. However, the situation may have changed indicating the propriety of intervention by Karagozian, and therefore the question should be left open for decision by the district judge.
 
 
 10
 The judgment of the district court is therefore vacated and the case is remanded for further proceedings consistent with this opinion.