SAVE OUR CUMBERLAND MOUN-
TAINS, INC., Council of Southern
Mountains, Inc.

v.

William P. CLARK, in his official
capacity as Secretary of the
Interior, et al., Appellants.

No. 83–1224.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 26, 1983.

Decided Jan. 20, 1984.

Rehearing Denied April 2, 1984.

Rehearing En Banc Granted
April 2, 1984.*

See also 550 F.Supp. 979.

Roger Marzulla, Atty., U.S. Dept. of Jus-
tice, Washington, D.C., for appellants. Car-
ol E. Dinkins, Asst. Atty. Gen., and Robert
L. Klarquist, Alfred T. Ghiorzi, and Jennele
M. Morris, Attys., U.S. Dept. of Justice, and
Harold P. Quinn, Jr., Atty., U.S. Dept. of

* Judgment and opinion vacated.

Interior, Washington, D.C., were on the brief, for appellants.

Brent N. Rushforth, Washington, D.C., with whom L. Thomas Galloway and Nancy C. Crisman, Washington, D.C., were on the brief, for appellees.

Before TAMM and WILKEY, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion for the court filed by Circuit Judge TAMM.

TAMM, Circuit Judge:

This is an appeal from a district court order compelling the Secretary of the Interior (the Secretary) and the Director of the Office of Surface Mining (the Director) to enforce the Surface Mining Control and Reclamation Act of 1977 (the Act), 30 U.S.C. §§ 1201–1328 (Supp. V 1981). Because we find that the district court erred in ruling that venue was properly in this district, we reverse.[1]

## I. FACTS

The Surface Mining Control and Reclamation Act of 1977 is a comprehensive statute designed to control and remedy the effects of surface coal mining operations. The Secretary of the Interior is primarily responsible for administering and implementing the provisions of the Act. The dispute in this case concerns the Secretary's duty to take enforcement action against persons that he has determined are violating the Act.

Two environmental citizen groups, Save Our Cumberland Mountains, Inc. and Council of Southern Mountains (hereinafter referred to collectively as SOCM), filed this action on September 8, 1981. They alleged that the Secretary and the Director had failed to assess mandatory penalties against over 700 mine operators that had been cited for violations of the Act.[2] SOCM further asserted that the Secretary had violated his own mandatory regulation by failing to initiate enforcement actions against hundreds of mine operators that continued to violate the Act after expiration of a 30-day penalty period.[3] Jurisdiction for the action was based on section 520(a)(2) of the Act, which authorizes citizens' suits against the Secretary for failure to perform nondiscretionary duties. 30 U.S.C. § 1270(a)(2). In addition, the complaint alleged jurisdiction under 28 U.S.C. §§ 1331, 1337, 1361, 2201, and 2202 (1976 & Supp. V 1981).

The Secretary moved to dismiss the action asserting that the specific venue provision in section 520(c)(1) of the Act, 30 U.S.C. § 1270(c)(1), precludes venue in this

---

**1.** This case was consolidated for purposes of oral argument and decision with case number 83–1008, 725 F.2d 1422, *Save Our Cumberland Mountains, Inc. v. Clark,* also decided today.

**2.** The enforcement provisions relevant to this case are outlined in sections 518 and 521 of the Act. 30 U.S.C. §§ 1268, 1271 (Supp. V 1981). When the Secretary determines that a mine operator is violating the Act, he is required to issue either a cessation order (CO) or a notice of violation (NOV). Issuance of an NOV or a CO triggers the enforcement mechanism. If the Secretary has issued an NOV, he may assess a civil penalty. 30 U.S.C. § 1268(a). If the Secretary has issued a CO, however, the Act provides that he "shall" assess a civil penalty. *Id.* An operator who fails to abate a violation within the time period allowed by the NOV or CO "shall be assessed" an additional civil penalty (known as a failure to abate penalty) of at least $750 for each day the violation remains unabated. 30 U.S.C. § 1268(h).

**3.** The regulation limits the assessment of the $750 per day failure to abate penalty to a peri-

od of 30 days after expiration of the initial abatement period prescribed in the NOV or CO. The regulation further provides: "If the permittee has not abated the violation within the 30-day period, the Office shall take appropriate action pursuant to sections 518(e), 518(f), 521(a)(4) or 521(c) of the Act within 30 days to ensure that abatement occurs or to ensure that there will not be a reoccurrence of the failure to abate." 30 C.F.R. § 723.15(b)(2) (1982).

The appropriate action referred to includes the suspension or revocation of permits. Section 521(a)(4), 30 U.S.C. § 1271(a)(4). The Secretary may also request the Attorney General to initiate a civil action to enjoin operation of the violating mine. Section 521(c), 30 U.S.C. § 1271(c). Operators who willfully or knowingly violate the Act are subject to criminal fines or imprisonment. Section 518(e), 30 U.S.C. § 1268(e). Finally, section 518(f) subjects corporate directors and officers to fines, penalties and imprisonment for violations by corporate entities. 30 U.S.C. § 1268(f).

district. The Secretary further alleged that the district court lacked jurisdiction because his duty to assess penalties and enforce the Act is entirely discretionary.

The Secretary's motion to dismiss was denied. The district court ruled that the specific venue provision in section 520(c)(1) applied only to actions involving individual coal mines and not to actions, such as this one, that challenged a purported national policy. The court ruled that venue was properly in this district under the general venue statute, 28 U.S.C. § 1391. *Save Our Cumberland Mountains, Inc. v. Watt,* 550 F.Supp. 979, 980–81 (D.D.C.1982). The district court then concluded that the Secretary's duty to collect civil penalties and initiate alternative enforcement is mandatory. Finding no issues of fact remaining, the court entered judgment for the plaintiffs. *Id.* at 983.

The Secretary brought this appeal. He contends that the specific venue provision in section 520(c)(1) governs this action and thus venue is improper in this district. We agree that the specific venue provision is applicable to the claim in this case and, accordingly, we reverse the district court's decision.[4]

## II. Discussion

In our decision today in *Save Our Cumberland Mountains, Inc. v. Clark,* 725 F.2d 1422, we concluded that all actions against the Secretary for failure to perform duties required by the Surface Mining Control and Reclamation Act are governed by the specific venue provision in section 520(c)(1) of the Act. That decision controls our disposition of this case. We

incorporate that decision's discussion of the applicability of the specific venue provision into this opinion.

Under the specific venue provision, any claim alleging a violation of the Act or its regulations must be brought in the district where the mine operation complained of is located.[5] Here, SOCM alleges that the Secretary failed to perform duties required by the Act and its regulations because he failed to assess civil penalties and initiate enforcement proceedings against mines that he determined were violating the Act. A claim that the Secretary has failed to perform a duty required by the Act is, in essence, a claim that he has violated the Act. By its terms, therefore, the venue provision applies to the claim in this case.

SOCM raises two principal arguments in support of its position that the specific venue provision does not apply to this claim. First, it argues that the venue provision applies only to actions brought against individual mining operators pursuant to section 520(a)(1) of the Act and not to actions against the Secretary for failure to perform nondiscretionary duties under section 520(a)(2).[6] Second, it contends that the provision does not apply if jurisdiction for the claim alleged is not based solely on the citizens' suit section of the Act.

These arguments were discussed fully in case number 83–1008, 725 F.2d 1422, *Save Our Cumberland Mountains, Inc. v. Clark.* There, we found that the plain language of the venue provision evidences an intent that it be applied broadly. We thus concluded that the venue require-

---

**4.** The Secretary raises two other arguments on appeal. First, he disputes the district court's ruling that he has a mandatory duty to implement alternative enforcement procedures when a violation is not abated within the allotted time period. (He admits, for purposes of this case, that the duty to assess civil penalties is mandatory. *See* Brief for Appellants at 25–26). Second, he asserts that the district court erred in entering summary judgment for SOCM without a proper motion. Since our decision on the venue issue is dispositive, we need not address these claims of error.

**5.** The venue provision, found in the citizens' suit section of the Act, provides: "Any action

respecting a violation of [this Act] or the regulations thereunder may be brought only in the judicial district in which the surface coal mining operation complained of is located." 30 U.S.C. § 1270(c)(1).

**6.** Under section 520(a)(1), citizens may bring suits against any entity that is allegedly in violation of the Act. Section 520(a)(2) authorizes private persons to bring actions against the Secretary (or other regulatory authority) for failure to perform a nondiscretionary duty under the Act.

ment applies to actions against the Secretary under section 520(a)(2) of the citizens' suit provision. We also determined that there is no evidence of a congressional intent to limit application of the provision where jurisdiction for the claim is derived from a source other than the citizens' suit section of the Act. Since SOCM's arguments raise no new issues, we dispose of them summarily.

■ SOCM further contends that venue is appropriate in this district because the action challenges a nationwide policy of nonenforcement and does not "complain of" the violations committed by specific mines. We reject this assertion for two reasons. First, SOCM's argument ignores the venue provision's broad language. In enacting this provision, Congress chose to restrict venue in "*[a]ny* action respecting a violation of [this Act]...." 30 U.S.C. § 1270(c)(1) (emphasis added). It did not choose to selectively limit venue depending on either the scope of the claim or the relief requested. We cannot restrict the plain meaning of the statutory language. Second, even though SOCM "complains of" noncompliance by the Secretary, the claim is ultimately concerned with violations and abatement activities at specific mines. Site specific issues can easily become important to SOCM's claim. In fact, the district court's most recent order requires the Secretary to report on the environmental conditions at specific sites and to describe both the corrective actions taken to relieve any harm and the results of those actions. First Supplemental Order, Joint Appendix at 494–95. Thus, we disagree with SOCM's assertion that venue is more appropriate in this district.

Under section 520(c)(1), the proper venue for this action is the judicial district in which the cited mine operations are located.[7] Since none of these mines is located in the District of Columbia, venue is improper in this district. We therefore conclude that the district court erred in ruling that venue for this action was properly in this district. Accordingly, we must reverse.

Before closing we note that at least on one occasion this circuit has declined to reverse a district court decision for lack of venue. In *Whittier v. Emmet,* 281 F.2d 24 (D.C.Cir.1960), two individuals brought suit pursuant to the Tucker Act, 28 U.S.C. § 1491, to recover money from the United States. On appeal, this court ruled that the district court had erroneously determined that venue was proper in this district. The panel concluded, however, that improper venue was harmless error because there was no prejudice to either party. *Id.* at 30–31. The only real substantive issue in *Whittier* was whether the plaintiffs were entitled to prejudgment interest. As the court noted, it made no real difference to the Government where the issue was litigated.

We do not find the reasoning in *Whittier* applicable here. We cannot conclude in the instant case that the Secretary suffered no prejudice by litigating the claim in this district. As we noted earlier, there are potential site specific issues involved in this case. Moreover, to find that the venue ruling was harmless error would undermine any policies Congress may have sought to promote when it chose to restrict venue in "[a]ny action respecting a violation of [the Act].... 30 U.S.C. § 1270(c)(1). *See United States v. Maryland Casualty Co.,* 573 F.2d 245, 247–48 (5th Cir.1978). Thus, we conclude that the district court's decision must be reversed.[8]

---

**7.** We recognize that there may be no one single district in which venue is proper. Thus, the claim may have to be severed. *See Sharp Electronics Corp. v. Hayman Cash Register Co.,* 655 F.2d 1228, 1230 (D.C.Cir.1981).

**8.** We note that since the time this case was argued, the Department of Interior and Related Agencies Appropriations Act of 1984, Pub.L. No. 98–146, 97 Stat. 919, was signed into law. The House and Senate reports accompanying

the two versions of this Appropriations Act specifically noted the appropriation of funds to enable the Department of the Interior to comply with the terms of the district court's order. H.R.Rep. No. 253, 98th Cong., 1st Sess. 40–41 (1983); S.Rep. No. 184, 98th Cong., 1st Sess. 40 (1983). The Conference Report accompanying the final version of that Act also noted that it expected the Department to comply with the district court's order with the appropriated funds. H.R.Rep. No. 399, 98th Cong., 1st Sess.

### III. CONCLUSION

We conclude that the specific venue provision in section 520(c)(1) of the Act precludes venue in this district. Accordingly, the district court's decision is reversed.

*It is so ordered.*

20 (1983). We emphasize that we take no position regarding the impact, if any, of today's decision on Congress's action. We also note that our decision today does not preclude the district court from considering a transfer of this case to an appropriate district court pursuant to 28 U.S.C. § 1406(a) (1976). *See Sharp Electronics Corp. v. Hayman Cash Register Co.,* 655 F.2d 1228 (D.C.Cir.1981).