NATIONAL WILDLIFE FEDERATION,
et al., Plaintiffs,

v.

Donald P. HODEL, Secretary of
Interior, et al., Defendants.

Civ. A. No. 86–169.

United States District Court,
E.D. Kentucky.

June 1, 1987.

L. Thomas Galloway, Galloway & Galloway, Washington, D.C., Judith A. Mather, Dow, Lohnes & Albertson, Washington D.C., Thomas J. Fitzgerald, Kentucky Resources Council Inc., Frankfort, Ky., for plaintiffs.

Alfred T. Ghiorzi, Dept. of Justice, General Litigation Section, Washington, D.C., David Olinger, U.S. Atty. Office, E.D. of Ky., Lexington, Ky., Robert Pfeiffer, Pfeiffer, Thomas and Hurt, Lexington, Ky., for defendants.

## MEMORANDUM

SILER, Chief Judge.

This matter is before the Court on various motions by the parties to this action. For simplicity the Court shall direct its attention to the following pending motions: (1) motion to intervene as party defendants under Rule 24(a)(2) FED.R.CIV.P. by National Coal Association, American Mining Congress, Mining and Reclamation Council of America, et al.; (2) federal defendants' motion to dismiss; and (3) intervenors' motion to dismiss.

The Court shall first address National Coal Association's motion to intervene.

This action was filed by plaintiffs, National Wildlife Federation and the Kentucky Resources Council, Inc. against defendants Secretary of Interior, et al. Plaintiffs allege a nationwide failure on the part of defendants and the state regulatory authority to administer and enforce the provisions of the Surface Mining Control and Reclamation Act of 1977 (SMCRA), 30 U.S.C. §§ 1201 *et seq.* The complaint seeks mandatory enforcement of these provisions by defendants in states with approved state regulatory programs. The proposed intervenors are trade associations representing coal mining companies and have moved to intervene as party defendants as a matter of right.

Federal Rule of Civil Procedure 24(a)(2) establishes a threefold test for non-statutory intervention as of right: first, a motion to intervene must be timely; second, intervenors must have a significantly protectable interest relating to the subject of the action that might be impaired if the action were decided without their participation; third, intervenors must show that their interest may be inadequately represented by existing parties. *United Airlines, Inc. v. McDonald,* 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977); *NAACP v. New York,* 413 U.S. 345, 93 S.Ct. 2951, 37 L.Ed.2d 648 (1973); *Donaldson v. United States,* 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); *Nuesse v. Camp,* 385 F.2d 694 (D.C.Cir.1967). Failure to satisfy any one of these requirements precludes an applicant from intervening as of right. *Blanchard v. Johnson,* 532 F.2d 1074, 1077 (6th Cir.1976).

It is clear that, as members and mining operators, the intervenors have a significant protectable interest in the subject matter of this proceeding and an adverse disposition of the action would impair that interest. Intervenors' members and their mining operations are the object and focus of the SMCRA regulatory and enforcement actions at issue in this suit. Intervenors' ability to conduct their operations in an efficient manner, consistent with SMCRA's environmental protection objections, could be impaired by the outcome of this litigation. The implementation sought by plaintiffs could result in enforcement actions being taken against specific members of intervenors and expose them to the risk of inconsistent federal and state regulatory determinations. The first two prongs of the test are therefore satisfied. *See Meyer Goldberg, Inc. v. Goldberg,* 717 F.2d 290 (6th Cir.1983); *Brewer v. Republic Steel Corp.,* 513 F.2d 1222 (6th Cir.1975).

For final consideration, the applicant for intervention bears the burden of demonstrating inadequate representation. *Goldberg, supra* at 293. A party satisfies the requirement for intervention as set out in Rule 24(a)(2) if he makes a minimal showing of doubt as to the proper representation of him by the Secretary. *Marshall v. Local 299, International Brother-*

*hood of Teamsters,* 617 F.2d 154, 156 (6th Cir.1980). As plaintiffs have raised several issues in which the industry intervenors have taken adverse positions regarding the scope of SMCRA and as participation by the industry intervenors with the Secretary's defense is likely to serve as a vigorous and helpful supplement, then the third prong has been satisfied as well. *Trbovich v. United Mine Workers et al.,* 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972); *Afro American Patrolmen's League v. Duck,* 503 F.2d 294 (6th Cir.1974).

■ Based upon the foregoing, the industry intervenors are entitled to intervene as a matter of right.

The Court now turns its attention to the motions to dismiss. In their motions to dismiss, the federal defendants and intervenors raise several legal issues as grounds for dismissal. After careful review of the entire record, including the briefs, responses and replies, the Court finds that grounds exist for dismissing plaintiffs' action against defendants.

The Surface Mining Control and Reclamation Act of 1977 is a comprehensive statute designed to control and remedy the effects of surface coal mining operations. The Secretary of Interior is primarily responsible for administering and implementing the provisions of the Act. The dispute in this case concerns the Secretary's alleged failure to comply with the Act's environmental standards.

Two environmental citizen groups, National Wildlife Federation and Kentucky Resources Council, Inc. (hereinafter referred to collectively as plaintiffs), filed this action on July 10, 1986. They allege that the Secretary has failed to take adequate enforcement action against violators of this Act. Plaintiffs seek to compel the defendants, the Secretary of Interior, the Director of the Office of Surface Mining Reclamation and Enforcement, and the Department of Interior, to perform certain acts which plaintiffs allege are mandatory under the Act. Plaintiffs claim jurisdiction for the action under section 520(a)(2) of the Act and 28 U.S.C. § 1391(e). Section 520(a)(2) authorizes citizens' suits against the Secretary for failure to perform nondiscretionary duties. 30 U.S.C. § 1270(a)(2).

The defendants move to dismiss the action asserting, along with other points of law, that the specific venue provision in section 520(c)(1) of the Act, 30 U.S.C. § 1270(c)(1), precludes venue in this district. Title 30 U.S.C. § 1270(c)(1) determines venue for any violation in this chapter and specifically states:

(1) Any action respecting a violation of this chapter or the regulations thereunder may be brought only in the judicial district in which the surface mining operation complained of is located.

Defendants argue that the plaintiffs have failed to identify violations of any particular mining operations in the Eastern District of Kentucky which are known by Secretary to be violations of the Act. Plaintiffs assert a nationwide evasion and general non-compliance with the Act's environmental standards in Kentucky and other unspecified states. Defendants argue that if plaintiffs' contentions are true they must specifically identify those mining operations which are in violation of the Act pursuant to 30 U.S.C. § 1270(c)(1). Although the federal defendants have failed to adequately support this argument in their brief, the venue statute of section 1270(c)(1) is applicable to plaintiffs' claim and for the following reasons must be dismissed.

In support of their argument that this Court has jurisdiction to hear their claim, plaintiffs rely upon *Save Our Cumberland Mountains, Inc. v. Watt, et al.,* 550 F.Supp. 979 (D.D.C.1982), which allowed a similar citizens' group to proceed with their claim although the Secretary argued that 30 U.S.C. § 1270(c)(1) prohibited the District Court's jurisdiction. However, that case was reversed in *Cumberland Mountains, Inc. v. Clark,* 725 F.2d 1422 (D.C. Cir.1984); *Cumberland Mountains, Inc. v. Clark,* 725 F.2d 1434 (D.C.Cir.1984). [Although a rehearing En Banc was granted on April 2, 1984, and the published opinion indicates that the three-judge decision was vacated, subsequent action reveals that before a rehearing was scheduled to take

place, the Secretary waived the venue defense and the parties jointly requested that the case be remanded to the District Court for further proceedings. *See Save Our Cumberland Mountains, Inc. v. Hodel,* 622 F.Supp. 1160, 1163 (D.D.C.1985).] The Circuit Court in *Cumberland* discussed at length the venue provision of the Surface Mining Control and Reclamation Act of 1977 and found it applied to actions against the Secretary of Interior under this section of the citizens suit provision. 725 F.2d 1422 at 1426–31. It concluded that the specific venue provision of 30 U.S.C. § 1270(c)(1) prevails over the general venue provision of 28 U.S.C. § 1391. *Id.* at 1431, citing *Morton v. Mancari,* 417 U.S. 535, 550–51, 94 S.Ct. 2474, 2482–83, 41 L.Ed.2d 290 (1974) and *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 153, 96 S.Ct. 1989, 1992, 48 L.Ed.2d 540 (1976). Consequently, the venue provision of § 1270(c)(1) is applicable to this action. The Court will now turn to whether it has venue to hear plaintiffs' claims based upon their allegations.

■ Plaintiffs argue that they have alleged sufficient facts to constitute venue in the Eastern District of Kentucky. Although plaintiffs' complaint and amended complaint allege that defendants have failed to perform their mandatory duties with regard to coal mining operations in Kentucky, they fail to specify any violations in this district. Interpreting the plain meaning of the venue statute, plaintiffs are required to identify particular sites or operations in this district where defendants have failed to inspect or enforce this Act. The Court is to look to the underlying factual situation in determining the proper venue. The *Cumberland* Court cited several compelling reasons supporting their interpretation of Congress's apparent preference to have this type of dispute adjudicated in various districts in which the non-complying mines are located. These reasons included: allowing the operator to become involved, allowing consideration of site-specific factors, and distributing the judicial workload more evenly. 725 F.2d at 1428–29. This Court is persuaded by this rationale because the action in the instant case could conceivably involve site-specific issues based upon facts surrounding each site.

■ The Court therefore concludes that plaintiffs must allege specific mining operations within this judicial district for this Court to exercise jurisdiction over such claims arising under 30 U.S.C. § 1270(a)(2). After reviewing plaintiffs' complaint and amended complaint, the Court finds that they have failed to do so. Consequently, plaintiffs' action must be dismissed.

For the foregoing reasons, plaintiffs' complaint and amended complaint should be dismissed and the action stricken from the docket. As the case is being dismissed for lack of venue, the Court need not discuss the remaining issues raised by defendants.

### ORDER

There being several motions before the Court in the above styled action and in accordance with the Memorandum of even date, it is hereby

ORDERED AS FOLLOWS:

1. The motion to intervene by industry intervenors be and is granted.

2. Plaintiffs' motion for leave to file a memorandum in excess of 40 pages be and is sustained pursuant to L.R. 7(b) E.D.Ky.

3. Plaintiffs' motion for leave to file an amended complaint be and is granted pursuant to Rule 15(a), FED.R.CIV.P.

4. Federal defendants' motion to dismiss the above styled action for improper venue be and is sustained. This case be and is stricken from the docket.

5. The motion to intervene by Commonwealth of Kentucky be and is denied as being moot.

6. The motion by the Commonwealth of Virginia to file an Amicus Brief be and is denied as being moot.

7. Intervenors' request for oral arguments be and is denied.

8. The motion by intervenor defendants to amend their pleadings be and is denied as being moot.

9. Commonwealth of Kentucky's motion to dismiss plaintiffs' amended complaint be and is denied as being moot.

10. The motion by intervening defendants to dismiss plaintiffs' amended complaint be and is granted.

11. Federal defendants' motion to stay discovery be and is denied as moot.