**66**

SCHOOL DISTRICT OF PHILADEL-
PHIA, Hubert Chester, Holliday Ham-
mond and Cumberland Farms, Inc.

v.

PENNSYLVANIA MILK MARKETING
BOARD, Leon H. Wilkinson, J. Robert
Derry, Donald E. Lanius and O. Frank
Degarcia.

Civ.A. No. 94–5656.

United States District Court,
E.D. Pennsylvania.

Feb. 17, 1995.

Sheldon A. Weiss, Millburn, NJ, Jackie B.
Sparkman, Office of Gen. Counsel, Philadel-
phia, PA, for plaintiffs.

Ernest D. Preate, Jr., Atty. Gen., Gwendolyn T. Mosley, Sr. Deputy Atty. Gen., John G. Knorr, III, Chief Deputy Atty. Gen., Chief, Litigation Section, Office of Atty. Gen., Harrisburg, PA, for defendants.

## MEMORANDUM

JOYNER, District Judge.

Today we decide two contested motions to intervene as parties defendant. This case arises out of the Pennsylvania Milk Marketing Board (PMMB) Order A–863, which establishes minimum milk re-sale prices in PMMB Area # 1, which covers Southeastern Pennsylvania, including Philadelphia. 31 Pa. Stat. § 700j–201 (1958 & Supp.1994). Two parents of children attending schools in the School District of Philadelphia and taxpayers, along with intervenor Cumberland Farms, Inc. have sued the PMMB, its three Members and Chief Executive Officer for alleged Constitutional violations based on the minimum milk prices.[1]

Two entities seek to intervene as defendants to this action. The first entity is the Pennsylvania Association of Milk Dealers (PAMD). The PAMD is an association of milk dealers that sell milk in Pennsylvania. The second entity is the Pennmarva Dairymen's Federation, Inc., a trade association comprised of the Atlantic Dairy Cooperative, the Maryland and Virginia Milk Producers Cooperative Association, Inc., the Middle Atlantic Division of Mid–America Dairymen, Inc. and the Valley of Virginia Cooperative Milk Producers Association. The constituent associations either count Pennsylvania dairy farmers as their members or have members that market dairy products in Pennsylvania.

## STANDARD FOR INTERVENTION

■ Federal Rule of Civil Procedure 24 provides four ways for a non-party to intervene in an action. A person may intervene as of right if (1) "a statute of the United States provides an absolute right to intervene" or (2) if the "applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed.R.Civ.P. 24(a). A person may be permitted to intervene at the district court's discretion, if (3) "a statute of the United States provides a conditional right to intervene" or (4) an "applicant's claim or defense and the main action have a question of law or fact in common." Fed. R.Civ.P. 24(b). When deciding whether to permit intervention, a district court must consider whether "intervention will unduly delay or prejudice the adjudication of the rights of the parties." *Id.*

Rule 24(c) provides that all motions to intervene "shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." Fed.R.Civ.P. 24(c).

## DISCUSSION

Both PAMD and Pennmarva primarily seek to intervene as of right, but also move in the alternative for permissive intervention. All parties agree that there is no applicable United States statute, so only the second and fourth means of intervention are at issue here.

## 1. PAMD

■ PAMD moves to intervene on behalf of its member milk dealers in Pennsylvania. PAMD has not, however, attached a "pleading setting forth the claim or defense for which intervention is sought" as required by Rule 24(c). Accordingly, PAMD has not properly moved this Court for intervention, and so PAMD's motion to intervene either as of right or by permission must be DENIED.

## 2. PENNMARVA

### A. INTERVENTION AS OF RIGHT

■ Pennmarva moves to intervene on behalf of its members in Pennsylvania and on

---

**1.** The School District of Philadelphia also sued, but was dismissed from the case for lack of standing.

behalf of its members that supply milk to Pennsylvania.[2] It argues that it should be permitted to intervene as of right because its motion is (1) timely, (2) claims an interest in the subject matter of the action, (3) it is so situated that disposition of the action may as a practical matter impair or impede its ability to protect that interest, and (4) its interest is not adequately represented by existing parties.

First, Plaintiffs concede that Pennmarva's motion is timely. Therefore, the first element is met.

Second, Pennmarva asserts that it has a direct interest in the subject of the action by stating: "[t]hat Pennmarva and their dairy farmer members have a substantial interest in the subject action is too clear to belabor." It elaborates on this assertion only by citing to *National Wildlife Federation v. Hodel,* 661 F.Supp. 473, 474 (E.D.Ky.1987) and by stating that the affidavits attached to its motion "stand in uncontradicted verification that Pennmarva and their members are directly affected by the provisions of the PMML here under attack and have a substantial interest, financial and otherwise."

■ Unfortunately, this conclusory statement does not make it at all clear that either Pennmarva or its members have a direct interest in the subject action. In *Hodel,* a public interest group challenged the United States and other parties for failing to enforce the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. §§ 1201–1328 (1986 & Supp.1994), with regard to certain coal mines. The coal mines' trade association sought to intervene. The Court granted the motion to intervene because the coal mines represented by the association were the direct target of the litigation. The plaintiffs sought to change the way the particular coal mines could do business and if successful, the remedy "could result in enforcement actions being taken against specific members of intervenors and expose them to the risk of inconsistent federal and state regulatory determinations." 661 F.Supp. at 474. This case is analogous to the facts here. If Plain-

tiffs are successful in this action, the dairy farmers would be unaffected because the relief requested would only address the re-sale prices dealers would charge to the School District of Philadelphia. The relief would not affect, in any way, the prices dealers pay to producers or open dairy farmers up to any inconsistent regulations or enforcement actions.

Other courts have found that an applicant has a direct interest in an action if the action would have a significant stare decisis effect on a later action by that applicant, or if the applicant's contract rights would be affected by the requested relief. *Harris v. Pernsley,* 820 F.2d 592, 601 (3d Cir.), *cert. denied,* 484 U.S. 947, 108 S.Ct. 336, 98 L.Ed.2d 363 (1987). However, those courts stress that an asserted interest must be specific and not of a general nature and the applicant "must do more than show that his or her interests may be affected in some incidental manner." *Id.; Brody v. Spang,* 957 F.2d 1108, 1122–23 (3d Cir.1992).

Pennmarva does not actually explain the interest it allegedly has at stake in this litigation. It appears however, that its theory is that because § 801 of the Milk Control Law involves both regulation of prices paid to dairy farmers *and* prices paid by consumers for milk, that it believes that the dairy farmers' guaranteed minimum prices are endangered by this litigation. Plaintiffs' Amended Complaint challenges prices paid to dealers by the School District of Philadelphia—not prices paid by dealers to producers. If Plaintiffs are successful in their challenge to the constitutionality of § 801 as to prices paid by the School District of Philadelphia for its milk, its relief would not affect the other portions of § 801.

Because we find that Pennmarva has not demonstrated the first element of the test for intervention as of right, we need not examine the other elements of the test. *Hodel,* 661 F.Supp. at 474 (failure to "satisfy any one of these requirements precludes an applicant from intervening as of right.")

---

2. Pennmarva attaches a proposed Answer to the Amended Complaint to its Motion to Intervene.

It accordingly complies with Rule 24(c).

## B. PERMISSIVE INTERVENTION

We turn now to Pennmarva's argument that it should be permitted to intervene under Rule 24(b). As above, Pennmarva's legal argument on this point is vague and conclusory. It states:

Pennmarva clearly meets the tests under Rule 24(b)(2). Its interests, which are direct and substantial, are well documented in the Complaint and in the Motion and supporting instruments and it has a defense involving a question of law or fact common with the main action.

It is difficult for this Court to determine what those common elements are when Pennmarva does not point to any page or paragraph of the Amended Complaint or other documents to support this statement, nor identifies the common question of law or fact, but instead, simply parrots the standard. Nonetheless, we will attempt to determine whether any commonalities exist.

■ According to the proposed Answer, Pennmarva's defenses are first, to assert that the "complaint fails to state a claim against the defendant upon which relief can be granted" and second, to "deny that the complaint states a claim in which the stated relief requested can be granted." We find that these defenses do not raise a question of law or fact in common with the subject action, because the subject action involves prices paid by the School District to dealers, and Pennmarva presumably seeks to protect .the prices paid by dealers to dairy farmers. Pennmarva's claims therefore do not present common legal issues, nor would they appear to present common facts.

In this respect, Pennmarva's position is similar to the applicant in *Liberty Mutual Insurance Company v. Pacific Indemnity Company*, 76 F.R.D. 656 (W.D.Pa.1977). There, the applicant was a personal injury plaintiff in a separate suit against Liberty Mutual's insured. Liberty Mutual brought a declaratory judgment action against a second insurance company to determine which company had a duty to defend the insured. The District Court held that the personal injury plaintiff/applicant could not intervene in the declaratory judgment action. This holding was based on the ruling that "intervention

under Rule 24(b) must have grounds in claims for relief which share questions of fact or law in common with the main action, and not in the coincidence of financial interests." *Id.* at 660. Here, it appears that, at most, Pennmarva's members have a financial interest in the protection of their buyers' incomes. This is insufficient to show a commonality of factual or legal issues.

■ Moreover, Pennmarva has not adequately demonstrated that its participation in the case will not "unduly delay or prejudice the adjudication of the rights of the original parties." Rule 24(b). Instead, it merely states that it will not. Pennmarva's interest in the case is not directly tied to the issues raised by the Plaintiffs' Amended Complaint. The Amended Complaint raises the question whether re-sale prices paid by the School District of Philadelphia for milk are unconstitutional. Pennmarva seeks to keep the producer payment provisions in place. If these issues are raised in this litigation, they could only delay the action because they are only tangentially related to the action. Because of this finding, Pennmarva's alternative request for permissive intervention is DENIED.

## CONCLUSION

For the reasons stated above, we deny both motions to intervene. We note that the Third Circuit and other courts have held that even when an applicant is not entitled to intervene, it may still make its position heard in the position of friend of the court, or as intervenor for a limited purpose, such as devising the remedy. *Harris*, 820 F.2d at 603 (citing *Kirkland v. New York State Department of Correctional Services*, 711 F.2d 1117, 1125–27 (2d Cir.1983), *cert. denied*, 465 U.S. 1005, 104 S.Ct. 997, 79 L.Ed.2d 230 (1984)). An appropriate Order follows.

## ORDER

AND NOW, this 17th day of February, 1995, upon consideration of the Motion of Pennsylvania Association of Milk Dealers to *Intervene as a Defendant Pursuant to Fed. R.Civ.P. 24* and the Motion of Pennmarva Dairymen's Federation, Inc. to *Intervene as*

*a Defendant* and responses thereto, the Motions are hereby DENIED.