**Justin HILL, et al., Plaintiffs,**

v.

**KANSAS GAS SERVICE COMPANY, et al., Defendants.**

**No. 01–2315–CM.**

United States District Court, D. Kansas.

Oct. 18, 2001.

---

C. Edward Peterson, Stuart W. Conrad, Finnegan, Conrad & Peterson, Kansas City, MO, for plaintiffs.

John P. DeCoursey, Shawnee Mission, KS, Larry M. Cowger, Shawnee Mission, KS, for Kansas Gas Service Co.

Karl Zobrist, Brian D. Martin, Blackwell Sanders Peper Martin LLP, Kansas City, MO, for Greeley Gas Co. and Utilicorp United, Inc.

John J. McNish, Topeka, KS, William F. Demarest, Jr., Shook, Hardy & Bacon, LLP, Washingtion, DC, for Kansas Corporation Commission.

### MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

This matter is before the Court on the Motion for Permission to Intervene as a Party (doc. 23–1) and the Motion for Permission to Omit Filing of Supporting Brief (doc. 23–2) filed by the Citizens' Utility Ratepayer Board ("CURB"). CURB's motion to intervene is opposed by Plaintiffs and by Defendants Greeley Gas Company and Utilicorp United Inc.

### I. CURB's Motion for Permission to Omit Filing of Supporting Brief (doc. 23–2)

CURB moves the Court to waive the requirement that a separate brief be filed with its motion to intervene. In its motion to intervene CURB sets forth a brief factual statement and provides its legal argument. CURB also incorporates by reference the statement of facts that Defendant Kansas Gas Service Company provided in its memorandum in support of its Motion to Dismiss (doc. 8).

The Court will grant CURB's motion to omit the filing of a supporting memorandum. *See* D. Kan. Rule 7.1(a) (parties may be relieved from requirement of filing written memoranda in support of motions).

### II. CURB's Motion for Permission to Intervene as a Party (doc. 23–1)

#### A. Background Information

Plaintiffs are a group of residential and industrial customers who purchased natural gas from the Defendant utilities. They bring this action on behalf of themselves and other similarly situated retail natural gas customers. The class action Complaint alleges the following: The prices that Plaintiffs and the putative class members paid for their gas service included ad valorcm taxes paid by

gas producers to the Sate of Kansas. Complaint, ¶ 19. The price of the natural gas, which included the ad valorem taxes, was authorized by the Federal Energy Regulatory Commission ("FERC"). *Id.*, ¶¶ 20–21. Certain parties filed legal challenges to the FERC-approved prices, and the United States Court of Appeals for the District of Colubmia Circuit ruled that FERC had wrongly approved prices in violation of federal law. *Id.*, ¶ 22. The court ordered the overcharges to be refunded to the consumers. *Id.*

As a result of the litigation, settlement agreements were entered into that directed Defendants to refund to consumers the charges for the ad valorem taxes in an amount exceeding $40 million dollars. *Id.*, ¶ 24. The Kansas Attorney General and the Kansas Corporation Commission ("KCC") participated in and supported these settlements. *Id.*, ¶ 26. The KCC directed Defendant Kansas Gas Service Company to distribute $8.6 million worth of refunds to certain ratepayers. *Id.*, ¶ 27. "[Three] million [dollars] was directed to be used to provide assistance to residential customers with incomes between 150% and 300% of the poverty level, and … $5.6 million distributed to current sales customers." *Id.* Those distributions have been made; however, Defendants continue to hold additional refunds. *Id.* The KCC has refused to order the remaining refunds to be distributed to Plaintiffs and the putative class members. *Id.*

Plaintiffs contend that the inclusion of the ad valorem taxes in the gas purchase price violated federal law. They seek a declaratory judgment that they and other similarly situated natural gas retail customers (the class members) have a property interest in the refunds of ad valorem taxes. Plaintiffs request an order that the refunds be distributed to Plaintiffs and the class members. *Id.*, Count I, ¶¶ 39–45. They also seek the imposition of a constructive trust for the refunds, which are currently held by Defendants, and they ask the Court to name an independent fiduciary to oversee the funds pending final resolution by the Court. *Id.*, Count II, ¶¶ 46–55. In addition, Plaintiffs claim an interest in the refunds by asserting

that they are the third-party beneficiaries of contracts entered into between Defendants, pipeline suppliers, and producers. *Id.*, Count III, ¶¶ 56–61.

According to CURB's motion to intervene, CURB is a board composed of five consumer advocate members that is authorized by Kansas statute to represent residential and small commercial ratepayers in utility proceedings. *See* K.S.A. 66–1222. By state law, CURB is authorized to "intervene in formal complaint cases which would affect ratepayers." K.S.A. 66–1223(e). CURB is also authorized to seek judicial review of any order or decision of the KCC. K.S.A. 66–1223(f).

In support of its motion to intervene, CURB states that it was an intervening party in the original action before the KCC "that gave rise to this suit," and that "for all intents and purposes, was a prevailing party." Doc. 23 at 2. CURB further states that it filed a motion with the KCC proposing distribution of the refunds to certain low and moderate income ratepayers for relief from high gas bills resulting from severe weather (hereinafter referred to as "relief program"). CURB's motion states that the KCC ultimately ruled in favor of CURB's proposal and "denied the Petition for Reconsideration of the Midwest Gas Users' Association, which consistently opposed the [relief program] proposal in proceedings before the KCC." *Id.* at 3. CURB alleges that, through the instant lawsuit, Plaintiffs are seeking to overturn the KCC's decision to distribute the refunds. *Id.*

CURB requests permission to intervene to represent the interests of residential and small commercial ratepayers in Kansas. It contends that it "is the only party whose duty is solely to protect the interests of the intended beneficiaries of the relief programs, who are residential ratepayers of moderate means." Doc. 23 at 4. It further alleges that "[a] decision favorable to the Plaintiffs in this case would aversely affect those ratepayers." *Id.*

**B. Analysis**

Federal Rule of Civil Procedure 24 governs motions to intervene. Rule 24(a) provides for intervention as a matter of right, while Rule 24(b) provides for permissive in-

tervention. CURB does not specify under which section of the Rule it is seeking to intervene. In fact, CURB does not even cite to Rule 24 or any case law interpreting Rule 24. CURB also fails to state the specific grounds upon which it seeks intervention, although it does make general arguments as to why it should be allowed to intervene. The most glaring procedural deficiency, however, is CURB's failure to include "a pleading setting forth the claim or defense for which intervention is sought," as required by subsection (c) of Rule 24.[1] Absent such a pleading or other equivalent information, it is difficult for the Court to properly evaluate whether CURB's legal position justifies intervention. *See International Bhd. of Teamsters, Local 523 v. Keystone Freight Lines, Inc.*, 123 F.2d 326, 328 (10th Cir.1941) (purpose of Rule 24(c) is to inform court of grounds upon which intervention is sought and to inform parties against whom some right is asserted or relief sought so that they might be heard before the court rules on the motion to intervene).

The Court could, on these procedural grounds alone, deny CURB's motion to intervene. *See School Dist. of Philadelphia v. Pennsylvania Milk Mktg. Bd.*, 160 F.R.D. 66, 67 (E.D.Pa.1995) (denying motion to intervene, either as of right or by permission, where applicant failed to attach a pleading setting forth the claim or defense for which intervention was sought, as required by Rule 24(c)). The Court will decline to do so, however, and will decide the motion on the merits based on what information CURB has provided the Court.

As CURB has failed to specify whether it is seeking intervention as of right or by permission, the Court will analyze CURB's motion under both sections of the Rule.

### 1. Intervention as a matter of right

Subsection (a) of Rule 24 provides as follows:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a).

*a. Rule 24(a)(1)—intervention based on federal statute*

An applicant may intervene as of right if a federal statute confers on the applicant an unconditional right of intervention. CURB cites K.S.A. 66–1223(e) as conferring on it the right to intervene in any "formal complaint cases which would affect ratepayers." CURB, however, cites no *federal* statute. As CURB has come forward with no federal statute conferring on it the right to intervene, intervention is not appropriate under Rule 24(a)(1).

*b. Rule 24(a)(2)—intervention based on interest relating to the property or transaction at issue*

Under subsection (a)(2), the applicant may intervene if: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is not adequately represented by existing parties. *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir.2001).

There is no dispute regarding the timeliness of CURB's motion to intervene. Only the other requirements are at issue.

To intervene as of right, the applicant must, as a threshold matter, claim "an inter-

---

**1.** Fed.R.Civ.P. 24(c) provides that all motions to intervene "shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." To assist practitioners, the drafters of the Federal Rules have provided a form "Motion to Intervene as a Defendant Under Rule 24," which includes a form for setting forth the defenses required to be pled under Rule 24(c). *See* Official Form 23.

est relating to the property or transaction which is the subject of the action." Fed. R.Civ.P. 24(a)(2). That interest must be "direct, substantial, and legally protectable." *Utah Ass'n,* 255 F.3d at 1251 (citations omitted). The "interest" inquiry is highly fact-specific, and "is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id.* (citations omitted).

The "property" that is the subject of Plaintiffs' lawsuit is the refund of the ad valorem taxes. CURB does not identify any direct interest relating to that "property" which it is claiming to protect. While CURB has apparently acted as an advocate of the ratepayers who have already received refunds under the relief program, that, in and of itself, does not confer on CURB a "direct" interest in the refunds. Even if CURB's advocacy on behalf of those ratepayers gives CURB some fort of derivative interest, CURB has not demonstrated how those ratepayers would be harmed or affected by any decision in this case. CURB merely alleges that Plaintiffs are seeking to overturn the KCC's decision and makes the conclusory assertion that a decision favorable to Plaintiffs in this case would "aversely affect" those ratepayers who are the beneficiaries of the relief program. Doc. 23 at 4. Plaintiffs, on the other hand, assert that "there are no orders of the KCC at issue here." Resp. in Opp. to CURB's Motion for Permission to Intervene, doc. 27 at 3. Plaintiffs make no allegation in the Complaint that they are seeking to overturn any KCC orders, and CURB fails to explain how the ratepayers who have already received refunds under the relief program will be affected by any relief that Plaintiffs or the putative class members may obtain in this case.

In light of the above, the Court holds that CURB has not demonstrated that it has a "direct, substantial, and legally protectable" interest relating to the refunds at issue here. Because CURB cannot satisfy this essential requirement, the Court need not examine whether CURB has satisfied the remaining requirements. *See School Dist. of Philadelphia v. Pennsylvania Milk Mktg. Bd.,* 160 F.R.D. 66, 68 (E.D.Pa.1995) (failure to satisfy any of the four requirements precludes an applicant from intervening under Rule 24(a)(2)). Thus, to the extent CURB is moving to intervene as a matter of right, the motion will be denied.

## 2. Permissive intervention

■ Rule 24(b) provides for permissive intervention. It provides that upon timely application, anyone may be permitted to intervene "(1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b). The decision to order intervention under Rule 24(b) is a matter within the court's sound discretion. *City of Stilwell, Okla. v. Ozarks Rural Elec. Coop. Corp.,* 79 F.3d 1038, 1043 (10th Cir. 1996).

Again, CURB does not allege that any *federal* statute confers a conditional right to intervene. Thus, intervention is not proper under subsection (b)(1). Intervention is also not proper under subsection (b)(2). CURB does not identify in its motion any claim or defense that it has in this case. As noted above, CURB has also failed to attach to its motion a pleading setting forth the claim or defense for which intervention is sought, as required by subsection (c). The Court is thus left to speculate as to the nature of the claim or defense CURB seeks to assert in this case. The Court, however, cannot even conceive of any claim or defense that CURB might assert, given that CURB is neither a customer nor a utility that would be directly affected by the refunds at issue. The Court will therefore deny CURB permission to intervene under Rule 24(b)(1).

## C. Conclusion

For the foregoing reasons, the Court will deny CURB's motion to intervene. The Court will, however, grant CURB amicus curiae status and will permit CURB to file amicus curiae briefs. The Court will also allow CURB to participate in the settlement conference scheduled to take place in this case before Judge G. Thomas Van Bebber, to

the extent that Judge Van Bebber deems it appropriate.

**IT IS THEREFORE ORDERED** that the Citizens' Utility Ratepayer Board's Motion for Permission to Omit Filing of Supporting Brief (doc. 23–2) is granted.

**IT IS FURTHER ORDERED** that the Citizens' Utility Ratepayer Board's Motion for Permission to Intervene as a Party (doc. 23–1) is denied.

**IT IS FURTHER ORDERED** that the Citizens' Utility Ratepayer Board is granted amicus curiae status in this action and shall be permitted to file amicus curiae briefs. It shall also be permitted to participate in the settlement conference scheduled to take place in this case to the extent that Judge G. Thomas Van Bebber deems it appropriate.

**IT IS SO ORDERED.**